PONDER, Judge.
Plaintiff appeals from a Civil Service Commission ruling that terminated her employment.
We reverse.
Mrs. Ray was employed at Louisiana State Penitentiary as a dental assistant. She was accused of violating Rule 12 of the penitentiary’s rules for employees[1] which forbids employees from trading or bartering with inmates.
Trading or bartering was interpreted by prison officials as the purchase of anything, giving inmates cash money, bringing in contraband, and any kind of “dealing” with inmates.
To trade is defined in Websters Third New International Dictionary as to give in exchange another commodity, to give in return, to make an exchange of. To barter is defined as to trade by exchanging one commodity for another.
Mrs. Ray admittedly received a money order from the mother of Byron Parker, an inmate. However, there is no evidence that she purchased anything from him, traded or bartered anything, or that she had “dealt” with him in any way. There is no proof she brought contraband into the prison. Merely receiving the money does not constitute a violation of Rule 12 under the plain definition of its terms.
The decision is reversed at appellee’s cost. It is ordered that appellant, Betty Ray, be reinstated in her former position as dental assistant with full restoration of all rights and privileges.
REVERSED.

. Rule No. 12: “No one may trade or barter with inmates.”